# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3825

_____

| | | |
|---|---|---|
| David Lash, Sr., | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| David Lash, Jr., | * | |
| | * | |
| Plaintiff, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Michael Hollis, in his official and | * | [UNPUBLISHED] |
| individual capacity; Adam Swon, in his | * | |
| official and individual capacity; | * | |
| Anthony Bowne, in his official and | * | |
| individual capacity; John Kirkpatrick, | * | |
| in his official and individual capacity, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: September 21, 2009
Filed: October 8, 2009

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

David Lash, Sr., appeals from the district court's judgment regarding attorney fees following remand from our court. Lash v. Hollis, 525 F.3d 636 (8th Cir. 2008).

On remand, the district court reconsidered the fee issue, started with the lodestar amount of approximately $85,000 (as approved in the initial appeal), and applied Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), to adjust the lodestar amount to a final award. In a written order, the district court expressly discussed what it considered to be the two most important Hensley factors given the facts of the present case: the relatedness of successful and unsuccessful claims and the plaintiff's overall level of success. Id. at 434–35 (relatedness of claims) & 435–36 (level of success). Applying Hensley, the district court modestly increased the attorney fee award from the original amount of $10,616 as awarded following trial to $16,985.75. Appellant argues that the reduction from the lodestar amount still amounts to an abuse of discretion. Appellant also argues that the district court's denial without comment of a separate fee application for work performed post-remand was an abuse of discretion.

"We review the actual award of attorneys' fees and costs for abuse of discretion." Lowry ex rel. Crow v. Watson Chapel Sch. Dist., 540 F.3d 752, 763 (8th Cir. 2008). Appellant's primary argument is that the district court failed to consider all of the Hensley factors on remand and that the reduction from the loadstar amount to $16,985.75 for work performed prior to the first appeal was an arbitrary reduction.[1] We find no abuse of discretion in the district court's fee award. Different Hensley factors may merit different weight in individual cases, and it is not always necessary for a trial court to expressly discuss each factor. This is especially true in cases such as this where Appellant failed to submit evidence relevant to every Hensley factor. Further, as the Supreme Court has noted, several of the factors are partially subsumed within the lodestar calculation itself, Hensley, 461 U.S. at 434 n.9, and district courts "necessarily [have] discretion" in exercising judgment as to fee awards. Id. at 437.

---

[1]We note that our court awarded Appellant separate and substantial fees for work performed on the first appeal.

Regarding the Appellant's separate application for fees as to work performed following our remand, the parties agree that the district court's denial of fees without comment provides an insufficient basis for review. Because the parties stipulate that remand is necessary to obtain a statement of reasons for this denial of fees, we remand as to this issue. In doing so, we make no comment as to the propriety of the district court's denial of fees for post-remand attorney work.

We affirm in part and reverse in part the judgment of district court and remand for further proceedings consistent with this opinion.

_____